UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14027-CR-ROSENBERG/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KAHEEM KEVEN JOHNSON,

    Defendant.

_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** comes before me upon an Order of Reference. Having conducted a Change of Plea Hearing on July 10, 2020, I recommend to the District Court as follows:

1. I convened a hearing via video teleconference on the Zoom platform to permit the Defendant to change his plea in this criminal case. At the hearing's outset, I advised the Defendant of his right to appear in person for the proceeding. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through video teleconference. Defendant acknowledged his signature on a written Consent to Appear by Video Teleconference Form that will be filed in the record in this case. Having discussed the matter with the Defendant, I find that his waiver of in person appearance and consent to proceed through video teleconference is knowing and voluntary. I also find, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that the plea cannot be further delayed without serious harm to the interests of justice.

2.     Next, I advised the Defendant of his right to have the District Judge assigned to this case conduct this proceeding. I advised that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing.  I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3.     I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4.     There is no written plea agreement in this case.  Therefore, I read the Information to the Defendant. The Defendant pleaded guilty to the sole count of the Information. The Information charges the Defendant with being an alien who was previously removed from the United States on or about October 14, 2015; who later returned to the United States knowingly and unlawfully; who was found back in the United States without the express consent of the Attorney General of the United States or his successor, the Secretary of Homeland Security (6 U.S.C. §§ 202(3), 202(4) and 557) to his reapplying for admission into the United States; in violation of 8 U.S.C. § 1326(a) and (b)(2). After I read the Information to the Defendant, the Defendant stated that he understood the charge against him.

5.     The possible maximum penalties that the Defendant is facing were announced on the record. The Defendant acknowledged his understanding of the possible maximum penalties

that could be imposed against him in this case. I advised the Defendant of the possibility of the Defendant's deportation after sentencing as an additional consequence of his guilty plea. The Defendant acknowledged that he and his attorney had discussed his possible deportation based on this offense.

6. The parties submitted a written Stipulation of Facts which was signed by counsel for the Government, counsel for the Defendant, and the Defendant. The Stipulation was read into the record and will be filed in this case. The Defendant acknowledged that he understands the Stipulation and has had the opportunity to fully discuss it with his attorney. The Defendant agreed that it accurately sets forth the facts in his case as he understands them to be. I find that the Stipulation of Facts sets forth each of the essential elements of the crime to which the Defendant is pleading guilty.

7. Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters his guilty plea freely and voluntarily. I accept his guilty plea and recommend to the District Court that it adjudicate him guilty of the offense charged in the Information.

8. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, this Court recommends to the District Court that the plea cannot be further delayed without serious harm to the interests of justice; that Defendant's plea of guilty to the sole count of the Information be accepted; that the Defendant be adjudicated guilty of the offense to which he pleads guilty; and that a sentencing hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L.

Rosenberg, United States District Judge for the Southern District of Florida. Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives the party's right to review, and it bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 10th day of July, 2020.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE